**NOT FOR PUBLICATION**

**FILED**

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA CRUZ DE GALINDO, | No. 13-73264 |
| Petitioner, | Agency No. A097-354-927 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Sandra Cruz de Galindo, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Cruz de Galindo's testimony and asylum declaration as to the number of times the police came to her home and whether they asked her to identify a suspect in custody, and based on the omission from her asylum declaration of her alleged beating by gang members in 2003. *Id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Cruz de Galindo's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Cruz de Galindo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Cruz de Galindo's CAT claim also fails because it is based on the same testimony the agency found not credible, and Cruz de Galindo does not point to any other evidence in the record that compels the conclusion that it is more likely

13-73264

than not she would be tortured by or with the consent or acquiescence of the government of El Salvador. *Id*. at 1156-57.

We reject Cruz de Galindo's contention that the agency failed to consider record evidence.

**PETITION FOR REVIEW DENIED.**